IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK MOSLEY, # 233 819, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-562-WKW |
| | ) | |
| ANGELA WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915(e)(2)(B), this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities.

After conducting its initial review of the complaint, the court determined that Plaintiff's complaint named numerous defendants against whom he asserted rambling and mostly unintelligible claims apparently unrelated in time or type. Accordingly, on September 6, 2016, the court entered an order granting Plaintiff an opportunity to amend his complaint and specifically advising him that "[h]e must **clearly** identify factual allegations material to specific counts lodged against each individual named as a defendant regarding alleged violations of Plaintiff's constitutional rights." *See* Doc. 5 (emphasis in original).

Plaintiff filed his amended complaint on September 26, 2016. Doc. 6. Upon review of the amended complaint the court finds that the allegations asserted therein lack clarity regarding how the conduct or actions of each of the named defendants violated his constitutional rights with regard to the claims he seeks to litigate. For example, Grounds One and Two state in their entirety:

1

> Ground One: Well Judge put segregation with notice, or hearing
> [Supporting Facts]: My complaint I serve, Cook, grievance form, I write to Nurse K. Wilson complaint to Nurse T. Mitchel of my face and tell Nurse Brown at hearing. 6-20-16. 6-11-16 to T. Mitchell Nurse. K. Wilson.
>
> Ground Two: I was negligence of May 20-16 Nurse Brown Wardens reasonable care. She ain't go time.
> Supporting Facts: K. Teal to told me capt said go back to Administrative Building

Doc. 6 at 2–3. The remaining claim in the amended complaint is similarly unintelligible.

The court has carefully reviewed Plaintiff's amended complaint and finds it fails to comport with the specific directives contained in the order of September 6, 2016. The September 6th order specifically advised Plaintiff that his amended complaint must contain at least one claim, plus any claims that can be shown closely related to it, *i.e.*, those arising out of the same incident or facts; name as defendants only those individuals he alleged were personally responsible for the alleged violations of his constitutional rights; specifically describe how each defendant listed in the amended complaint acted in a manner that deprived him of his constitutional rights; and plead a short and plain statement of the claim that would give each defendant fair notice of Plaintiff's claim and the ground upon which it rests. Plaintiff failed to file an amended complaint in accordance with these directives. Rather, Plaintiff's amended complaint is, again, disjointed and wholly unintelligible. It thus fails to assert the material facts necessary to establish a cognizable and viable claim against any named defendant. *See Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984). That is, Plaintiff's amended complaint fails to identify specific facts that allow the court to make a plausible inference that any of the treatment he allegedly received from a named defendant amounted to a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Pleadings that are general and non-specific create confusion not only for the defendant in trying to frame a responsive pleading but also for the court in trying to determine the scope of the claims at issue. Furthermore, notwithstanding the liberal treatment afforded *pro se* filings, *Hughes v. Rowe,* 449 U.S. 5 (1980), the court may not make Plaintiff's arguments for him.

Based on the foregoing, dismissal of the case at this juncture is the proper sanction. After affording Plaintiff an opportunity to file an amended complaint, he failed to comply with the order by filing an amended complaint that provided fair notice to the court and the defendants of the claims against them. The muddled and inarticulate nature of the allegations asserted in Plaintiff's amended complaint simply do not afford the named defendants with fair notice of any actions or inactions on their part which violated any specific right of Plaintiff. The court, therefore, concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the specific order of the court with respect to the filing of an amended complaint. *See Link v. Wabash R.R.,* 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. Intern. Family Ent., Inc.*, 41 F.3d 1454, 1456–57 (11th Cir. 1995).[1]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply properly with the orders of this court.

It is further ORDERED that on or before **October 18, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous,

---

[1] Despite this recommendation for dismissal of the instant action, Plaintiff may file another civil action if he is able to craft a complaint that complies with the directives in the order of September 6, 2016.

conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 4th day of October, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE